UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| APRIL M. POLLEFEYT,  <br><br>  Plaintiff,  <br><br> v.  <br><br> MEDICREDIT, INC.,  <br><br>  Defendant. | CIVIL COMPLAINT  <br><br> CASE NO.  3:18-cv-00184  <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes APRIL M. POLLEFEYT ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MEDICREDIT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

**PARTIES**

4. Plaintiff is a 44 year old natural "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a collection agency focused exclusively on medical and healthcare debts with its headquarters located in St. Louis, Missouri. Defendant is registered at 1999 Bryan Street, Suite 900, Dallas, Texas, and engages in debt collection activity in all states.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. The instant action arises out of Defendant's attempts to collect upon outstanding medical debts ("subject debts") said to be owed by Plaintiff.

9. Upon information and belief, Defendant acquired collection rights to the subject debts sometime after Plaintiff defaulted on the subject debts.

10. On or about October 24, 2017, Plaintiff received a collection letter from Defendant attempting to collect on one of the subject debts.

11. This letter referenced Plaintiff's "Account #" – 68130839 – as having a balance of $624.47 stemming from a debt Plaintiff is said to have incurred from Medical Center of Arlington on April 4, 2017.

12. On or about November 8, 2017, Plaintiff received another letter from Defendant which referenced Plaintiff's account – 68130839 – as having a balance of $623.00.

13. This letter further offered a settlement of this balance for a payment of $373.80 and was in reference to a debt Plaintiff is said to have incurred from St. Davids Georgetown on April 7, 2017.

14. On or about November 14, 2017, Plaintiff received an additional letter from Defendant which referenced Plaintiff's account – 68130839 – as having a balance of $2,390.00 stemming from a debt Plaintiff is said to have incurred from North Austin Medical Center on April 8, 2017.

15. These collection letters are inherently confusing in the way each letter references Plaintiff's account – 68130839 – as having three different balances stemming from three different debts.

16. Because each letter contains the same account number yet is referencing different debts, the letters create a probability of confusion as to how much Plaintiff is said to owe on her account with Medicredit, as well as which debts would be satisfied in the event Plaintiff made payment on her account.

17. Plaintiff has incurred costs and expenses consulting with and retaining her attorneys as a result of Defendant's conduct.

18. Further, Plaintiff has been confused and misled by Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though full set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692e**

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

26. Defendant violated §1692e, e(2)(A), and e(10) when it misleadingly characterized the amount owed on the subject debts in the collection letters sent to Plaintiff. Each letter references a single account – 68130839 – as having three different balances stemming from three different debts. These letters are misleading and confusing to Plaintiff as such letters create a sense of uncertainty as to how much is said to be owed on her 68130839 account.

27. Furthermore, in the event Plaintiff were to make a payment on the 68130839 account, Defendant's letters are misleading as to how such payment would be applied and which debts any payments would go towards satisfying. Defendants letters suggest that any payment made would be applied to the account numbered 68130839. However, as stated above, Defendant's letters

indicate that three different debts are included within this account, without indicating which debt any payment on said account would be satisfied by such payment.

28. Additionally, Defendant's collection letters falsely represent the amount of the debt associated with Plaintiff's account. In total, the letters suggest that Plaintiff has an outstanding balance on account 68130839 of $3,637.47, by adding up the "Balance Due on File" and "Account Balance" represented in each collection letter. However, the letter dated on or about November 14, 2017, the last of the three letters Plaintiff received, suggests that the total balance due on account number 68130839 is merely $2,390.00, thus illustrating the falsity of Defendant's representations as to the amount of debt said to be owed.

29. In construing violations under the FDCPA, the Fifth Circuit applies the "unsophisticated or least sophisticated consumer standard" to determine whether conduct is deceptive or misleading. *Goswarni v. Am. Collections Enter., Inc.,* 377 F.3d 488, 495 (5th Cir. 2004) (noting the court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard") ; *see also, Avila v. Rubin,* 84 F.3d 222, 226-27 (7th Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter."). The "least sophisticated consumer standard serves the . . . purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices . . . ." *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232, 1236 (5th Cir. 1997). This standard views FDCPA violations from the perspective of someone on "the very last rung on the sophistication ladder." *Gammon v. GC Servs. Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994). The "unsophisticated consumer standard" is substantially similar, "except that it is designed to protect consumers of below average sophistication or intelligence . . . ." without tying that standard to the bottom rung

of the sophistication ladder. *Id.* An unsophisticated consumer may lose bills and may have forgotten about certain debts. *Field v. Wilber Law Firm P.C.,* 383 F.3d 562, 566 (7th Cir. 2004).

30. When considering Defendant's collection letters in light of either standard, Defendant's violations of the FDCPA become even more apparent. An unsophisticated consumer, who may lose bills and may forget about certain debts, would have been misled and deceived by Defendant's collection letters given the demonstrable lack of clarity as to the nature, extent, and amount of the subject debt(s) Defendant's letters suggest are associated with account 68130839. Similarly, from the perspective of the least sophisticated consumer, Defendant's letters would be even more deceptive, misleading, and confusing. For example, the letter sent on or about November 14, 2017 has, on the return payment portion, the account number 68130839 right above a line which reads: "Balance Due on File: $2,390.000." The least sophisticated consumer would undoubtedly consider this portion of the letter to mean that there is a balance of $2,390.00, in total, for account number 68130839. However, as discussed in prior portions of this Complaint, that representation is false and misleading. Further, the least sophisticated consumer would be confused by the amount and nature of any debt owed to the various entities to which Plaintiff is said to owe the subject debts. By representing that several different amounts are owed on account 68130839, the least sophisticated consumer viewing these letters would be confused as to which specific entity was owed what amount.

    b. **Violations of FDCPA § 1692f**

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated §1692f by employing unfair means to collect the subject debt from Plaintiff. Specifically, it was unfair for Defendant to send collection letters structured in a way to

confuse Plaintiff as to the extent of her alleged liability on the subject debts. Furthermore, it was unfair for Defendant to fail to meaningfully indicate which specific underlying debt any payment made on account number 68130839 would go towards satisfying.

WHEREFORE, Plaintiff, APRIL M. POLLEFEYT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

35. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

36. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

#### a. Violations of TDCA § 392.304

37. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt . . . ."

38. Defendant violated the TDCA when it misleadingly characterized the amount owed on the subject debts in the collection letters sent to Plaintiff. Much like the FDCPA, Defendant's conduct misrepresented the character, extent, and amount of debt owed as each letter references a single account – 68130839 – as having three different balances stemming from three different debts. These letters are misleading and confusing to Plaintiff as such letters create a sense of uncertainty as to how much is said to be owed on her 68130839 account.

39. Furthermore, Defendant's letters misrepresent the character and amount of debt owed by Plaintiff. As stated above, the letters do not outline the true extent of Plaintiff's alleged liability to Defendant and/or the underlying creditors and are therefore in violation of the TDCA.

WHEREFORE, Plaintiff, APRIL M. POLLEFEYT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

| | |
|---|---|
| Dated: January 24, 2018 | Respectfully submitted, |
| s/ Nathan C. Volheim<br>Nathan C. Volheim, Esq. #6302103<br>Counsel for Plaintiff<br>Admitted in the Northern District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 568-3056 (phone)<br>(630) 575-8188 (fax)<br>nvolheim@sulaimanlaw.com | s/Taxiarchis Hatzidimitriadis<br>Taxiarchis Hatzidimitriadis, Esq. #6319225<br>Counsel for Plaintiff<br>Admitted in the Northern District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 581-5858 (phone)<br>(630) 575-8188 (fax)<br>thatz@sulaimanlaw.com |